PER CURIAM.
The chancellor entered a summary declaratory decree in this action in which, inter alia, he found and adjudicated that § 7(e) [1] of ordinance 3963 of the City of Miami was void, unconstitutional and unenforceable for the reason that the city had not enacted a special ordinance or resolution authorizing demolition of the property in question or authorizing the creation of the lien on the property for demolition and the further fact that there was an unlawful attempt to delegate unfettered discretion to administrative officers of the City of Miami.
The ordinance in question, § 15, contained a separability provision, the effect of which was to preserve the remaining portions of the ordinance not declared invalid.
We conclude that § 7(e) of the questioned ordinance is void and unconstitutional for the reason that there is no apparent charter, statutory or other authority granted to the City of Miami by the legislature of Florida warranting the creation of a lien for dem- *903 olítíon. Our conclusion in this regard should not be construed to mean that the City of Miami, under its charter, does not have the power to demolish buildings found to be unsafe or a menace to the health, safety and general welfare of the City of Miami and to assess such costs for demolition against the owner. Our only conclusion is that there is no grant of authority to the City of Miami, either in its charter, other legislative act or authority that would warrant the impressment of a lien on the property of a citizen of Miami for the demolition of a building found to be unsafe or a menace to health, safety and general welfare.
It follows that the decree appealed should be and is hereby affirmed.
Affirmed.

. Sec. 7(e) “If the owner, occupant, mortgagee, lessee, or other person having an interest in said building fails to comply with the order provided for in subsection (d) hereof, within ten (10) days, or any reasonable time ordered by said Board, then said Board shall cause such building or structure to be repaired, vacated or demolished as the facts may warrant under the standards hereinbefore provided in Section 2 of this ordinance, and the costs of such repair, vacation or demolition shall be a lien charged against the land, on which said building or structure exsited, in favor of the City of Miami, or such costs shall be attached to the tax statement as an assessment lien against the land on which the building or structure stands, or did stand, or shall be recovered in a suit at law or equity against the owner; provided, however, that in cases where such procedure is desirable, and any delay thereby caused will not be dangerous to the health, morals, safety or general welfare of the people of this City, said Board shall notify the City Attorney to take legal action to force the owner to make all necessary repairs, vacate or demolish the building or structure.”